In the Matter of TAXPAYERS' ASSOCIATION OF SOUTH EAST OCEANSIDE, et al., Appellants, et al., Petitioners, against BOARD OF ZONING APPEALS OF THE TOWN OF HEMPSTEAD et al., Respondents, and ROBERT H. TELZEROW, Intervener, Respondent.

Argued May 23, 1950; decided July 11, 1950.

*Julius L. Goldstein* and *E. John Ernst, Jr.,* for appellants. I. Unnecessary hardship has not been shown and the grant of a permanent variance was improper as a matter of law. (*Matter of Otto* v. *Steinhilber,* 282 N. Y. 71; *People ex rel. Werner* v. *Walsh,* 212 App. Div. 635, 240 N. Y. 689; *Matter of Hickox* v. *Griffin,* 298 N. Y. 365.)  II. The board of appeals had no power to grant a permanent variance in an area zoned for B residence. (*Matter of Leone* v. *Brewer,* 259 N. Y. 386; *Dowsey* v. *Village of Kensington,* 257 N. Y. 221; *Matter of Thomas* v. *Board of Standards & Appeals,* 263 App. Div. 352, 290 N. Y. 109; *Matter of St. Basil's Church* v. *Kerner,* 125 Misc. 526; *Matter of Block Holding Corp.,* 141 Misc. 818; *Darweger* v. *Staats,* 243 App. Div. 380, 267 N. Y. 290; *Brown* v. *University of State of N. Y.,* 242 App. Div. 85, 265 N. Y. 290; *Matter of Small* v. *Moss,* 279 N. Y. 288.)  III. Intervener, as vendee of an executory contract to purchase land, conditioned on his obtaining a variance, is not an aggrieved person within the meaning of subdivision 2 of section 267 of the Town Law. (*Matter of Sherwood Realty Corp.* v. *Feriola,* 193 Misc. 194; *Matter of Holy Sepulchre Cemetery* v. *Board of Appeals,* 271 App. Div. 33; *People ex rel. Fordham Manor Ref. Church* v. *Walsh,* 244 N. Y. 280; *Matter of Aberdeen Garage* v. *Murdock,* 257 App. Div. 645; *Matter of Block Holding Corp.,* 141 Misc. 818; *Dowsey* v. *Village of Kensington,* 257 N. Y. 221; *Matter of Atlas* v. *Dick,* 275 App. Div. 670.)

*George R. Brennan* and *Palmer D. Farrington* for respondents. I. The facts established by the record and those found by the board after a personal inspection of the property warranted the granting of a variance upon the grounds of unnecessary hardship and practical difficulties. (*Matter of Otto* v. *Steinhilber,* 282 N. Y. 71; *People ex rel. Werner* v. *Walsh,* 212 App. Div. 635, 240 N. Y. 689; *Matter of Falvo* v. *Kerner,* 222 App. Div. 289; *Matter of Chizner* v. *Walsh,* 236 App. Div. 731, 261 N. Y. 707; *Matter of Yonkers Bus, Inc.,* v. *Maltbie,* 23 N. Y. S. 2d 87, 260 App. Div. 893; *Matter of Levy* v. *Board of Standards & Appeals,* 267 N. Y. 347; *Matter of Slater* v. *Toohill,* 274 App. Div. 944; *Matter of Thomas* v. *Board of Standards & Appeals,* 263 App. Div. 352; *People ex rel. Sullivan* v. *McLaughlin,* 266 N. Y. 519.) II. The board of appeals, pursuant to the enabling act, had the power to grant a permanent variance where practical difficulties or unnecessary hardship existed. (*Matter of Reed* v. *Board of Standards & Appeals,* 255 N. Y. 126; *Stone* v. *Cray,* 89 N. H. 483; *Matter of Ernst* v. *Board of Appeals,* 274 App. Div. 809; *Shepard* v. *Village of Skaneateles,* 300 N. Y. 115.)

*Victor Levin* for intervener-respondent. I. The board of appeals had power to grant a variance where practical difficulties or unnecessary hardship existed. (Town Law, § 261; *Dowsey* v. *Village of Kensington,* 257 N. Y. 221; *Matter of Eaton* v. *Sweeny,* 257 N. Y. 176; *Nectow* v. *City of Cambridge,* 277 U. S. 183; *Matter of Reed* v. *Board of Standards & Appeals,* 255 N. Y. 126; *Stone* v. *Cray,* 89 N. H. 483; *Matter of Ernst* v. *Board of Appeals,* 274 App. Div. 809.) II. The evidence adduced upon the hearing, together with the personal knowledge of the board and the facts found after a personal inspection of the property, justified the granting of a variance. (*Matter of Y. W. H. A.* v. *Board of Standards & Appeals,* 266 N. Y. 270; *Brackett* v. *Board of Appeals,* 311 Mass. 52; *Matter of Otto* v. *Steinhilber,* 282 N. Y. 71; *Matter of Hopkins* v. *Board of Appeals,* 179 Misc. 325; *Matter of Levy* v. *Board of Standards & Appeals,* 267 N. Y. 347.) III. The judgment of the board was neither capricious, arbitrary nor contrary to law and its judgment should not be set aside. (*Matter of Hickox* v. *Griffin,* 274 App. Div. 792.)

CONWAY, J. Intervener-respondent was granted a permanent zoning variance by the board of zoning appeals of the town of Hempstead permitting him to erect a commercial boathouse, repair shop and boat dock in an area, adjacent to Parsonage Creek, zoned as a residence " B " district. He is not the owner of the property in question but has executory contracts to purchase two plots of land conditioned upon his obtaining the variance. Petitioners, property owners residing in the immediate vicinity, commenced this preceeding under article 78 of the Civil Practice Act to annul the board's determination. Special Term and the Appellate Division (one Justice dissenting) confirmed the determination of the board and petitioners have appealed to this court.

We have held that a variance may be granted only upon a showing: (1) that the land cannot yield a reasonable return if used only for a purpose allowed in that zone, (2) that the plight of the owner is due to unique circumstances and not to the general conditions of the neighborhood, and (3) that the use sought will not alter the essential character of the neighborhood. (*Matter of Otto* v. *Steinhilber,* 282 N. Y. 71, 76. See, also, *Matter of Clark* v. *Board of Zoning Appeals,* 301 N. Y. 86; *Matter of Hickox* v. *Griffin,* 298 N. Y. 365; *Matter of Y. W. H. A.* v. *Board of Standards & Appeals,* 266 N. Y. 270; *People ex rel. Fordham Manor Ref. Church* v. *Walsh,* 244 N. Y. 280.)

Intervener-respondent's proof failed to meet any of these requirements. There was no proof that the property could not be adapted to conforming uses. No attempt was made to sell or utilize the property for residential purposes, although it was as suitable for residential purposes as other land in the immediate vicinity upon which a number of homes had recently been constructed. Moreover, the record does not show that the property suffers a unique or singular disadvantage, not common to other property in the district, through the operation of the zoning ordinance. Here, the hardship, if any, is general and characteristic of the entire area, and the remedy lies in a revision of the zoning ordinance through legislative action, not by the granting of a variance to a single property owner. (*Matter of Levy* v. *Board of Standards & Appeals,* 267 N. Y. 347; *Arverne Bay Constr. Co.* v. *Thatcher,* 278 N. Y. 222.) Finally, it is abundantly clear that respondent's proposed use of the

property as a site for a boathouse and dock to test motorboats up and down the creek and the plan to provide parking facilities for thirty to forty automobiles will create conditions distinctly different from those existing in the locality and thus will unquestionably alter the essential character of an otherwise residential neighborhood.

Since, under the applicable principles of law, the variance could not be granted, it is unnecessary to determine the further question, reserved by this court in *Matter of Hickox* v. *Griffin* (298 N. Y. 365, 371, *supra*) whether a vendee in an executory contract to purchase land is a " person aggrieved " within the meaning of section 267 of the Town Law in a case where, as here, the passing of title is by the contract conditioned upon the granting of a zoning variance.

The order of the Appellate Division should be reversed and the determination of the board of zoning appeals annulled, with costs in this court and in the Appellate Division.

LOUGHRAN, Ch. J., LEWIS, DESMOND, DYE, FULD and FROESSEL, JJ., concur.

Order reversed, etc.