HARRY A. STOLZ, ETC., PLAINTIFFS-RESPONDENTS, v. MEYER ELLENSTEIN, ETC., DEFENDANTS, AND MICHAEL FISHER AND HYMAN FISHER, INDIVIDUALLY AND AS CO-PARTNERS DOING BUSINESS UNDER THE FIRM NAME AND STYLE OF FISHER BROTHERS CLEANERS, DEFENDANTS-APPELLANTS.

Argued May 21, 1951—Decided June 11, 1951.

292

*Mr. Edward M. Malone* argued the cause for appellants.

*Mr. Samuel J. Zucker* argued the cause for respondents (*Mr. Lester Sandles*, attorney).

The opinion of the court was delivered by

WACHENFELD, J. The Fisher brothers own contiguous properties on Hillside Avenue and Watson Avenue, Newark. The Watson Avenue property is in a zone designated in the

city ordinance as a First Business District. The Hillside Avenue property is located in a Third Residence District and has at the rear five garages which adjoin the Watson Avenue property.

For several years the Fisher brothers have conducted on the Watson Avenue property a dry cleaning establishment in premises originally designed to accommodate a small neighborhood tailor shop. The business has expanded and the property is now being used as a central cleaning plant for six other tailor shops operated by them.

The pertinent section of the city's zoning ordinance provides that in a First Business District no building or premises shall be used for any industrial, manufacturing or commercial purpose above the ground story of the building, nor for any trade, industry or use prohibited in Second Business Districts. The ordinance further provides that in Second Business Districts there shall be no dry cleaning or dyeing establishment employing power machinery. The part of the ordinance pertinent to Third Residence Districts, in which the Hillside Avenue property is located, prohibits the use of buildings for any industrial, manufacturing or commercial purpose.

The business conducted by the Fisher brothers outgrew its present quarters and in 1948 they applied to the Board of Adjustment of Newark for permission to extend the dry cleaning plant to the second floor of the Watson Avenue building and to use one of the garages on the Hillside Avenue land as a boiler room for the plant. Several of the neighbors strenuously objected but the board of adjustment, after hearing the proponents and objectors, nevertheless recommended the requested variances be granted and its action was confirmed, after a further hearing, by two resolutions of the city commission.

The neighbors thereupon filed a complaint in lieu of *certiorari* in the Superior Court. The court found no hardship existed to justify the granting of the variances and set aside the recommendations of the board of adjustment and

the resolutions of the board of commissioners. From this judgment the Fisher brothers appealed to the Appellate Division and the cause has been certified here on our own motion.

▮ At the time the application for a variance was made, *R. S.* 40 :55–39, *N. J. S. A.*, defining the powers of the Board of Adjustment, provided the Board might:

"c. Authorize upon appeal in specific cases such variance from the terms of the ordinance as will not be contrary to the public interest, where, owing to special conditions, a literal enforcement of the provisions of the ordinance will result in unnecessary hardship * * *."

The act also empowered the Board to:

"d. Recommend in writing to the governing board or board of public works upon appeal in specific cases that a structure or use be allowed in a district restricted against such structure or use where the real estate in respect of which such recommendation is made does not abut a district in which such structure or use is authorized by the zoning ordinance or where such real estate is more than one hundred and fifty feet beyond the boundary line of the district in which such structure or use is allowed by the zoning ordinance. * * *"

The requirement of a finding of unnecessary hardship as a prerequisite for the granting of a variance was emphasized in *Lumund v. Board of Adjustment,* 4 *N. J.* 577 (1950), and *Brandon v. Montclair,* 124 *N. J. L.* 135 (*Sup. Ct.* 1940), affirmed 125 *N. J. L.* 367 (*E. & A.* 1940), and the finding must be "substantially grounded in competent evidence." *Scaduto v. Bloomfield,* 127 *N. J. L.* 1 (*Sup. Ct.* 1941).

▮ The standard for determining such a hardship was set forth in *Ramsbotham v. Bd. of Public Works, Paterson,* 2 *N. J.* 131 (1949), where, referring to the statutory provision quoted above, we said:

"This provision is operative only where the applicant's plight is 'owing to special conditions,' that is, to circumstances uniquely touching his own land as distinguished from conditions that affect the whole neighborhood. And it is not *per se* a sufficient reason for a variation that the nonconforming use is more profitable to the particular landowner."

In *Scaduto v. Bloomfield, supra,* the court expressed it thus:

"The criterion of 'unnecessary hardship' is whether the use restriction, viewing the property in the setting of its environment, is so unreasonable as to constitute an arbitrary and capricious interference with the basic right of private property. Is the environment such that the lot is not reasonably adapted to a conforming use?"

The proof here shows no such hardship. The appellants commenced the operation of their business in what they knew to be a restricted neighborhood. In its newly attained proportions of a sizeable industrial enterprise, the business has prospered and outgrown the zoning restrictions of its present location. Its financial and business success has anomalously created what is now alleged to be a hardship justifying and warranting a departure from the established zoning plan of the neighborhood, without thought to the effect upon or injury to the surrounding property owners.

It is urged there is a *prima facie* presumption that the power and discretion of the municipal boards have been properly exercised and the court should not substitute its judgment for theirs. There is such authority, *Cook v. Bd. of Adjustment,* 118 *N. J. L.* 372 (*Sup. Ct.* 1937); *Aschenbach v. Plainfield,* 121 *N. J. L.* 598 (*Sup. Ct.* 1939), affirmed 123 *N. J. L.* 265 (*E. & A.* 1939), but such a presumption is not conclusive and is limited and circumscribed as enunciated in the *Ramsbotham* case, *supra*:

"While it is true, as stated in the opinion below, that a court 'may not substitute its judgment for that of the (local) board within that body's sphere of action,' unless 'the action taken * * * is arbitrary, capricious or unreasonable,' nevertheless, where, as here, the board bases its action upon an unauthorized standard for determining 'unnecessary hardship,' it is acting beyond its 'sphere of action' and the appellate tribunal should apply the necessary corrective. Otherwise undue hardship may result to the owners of other property in the restricted area."

The appellants stress the fact that before granting the variances some members of the city commission visited the premises and by personal inspection obtained first-hand knowledge of existing conditions. It is argued that this inspection supplied all the evidence of hardship necessary to

support the subsequent action of the board of commissioners, citing *Wilson v. Union Twp.*, 123 *N. J. L.* 474 (*Sup. Ct.* 1939). The rule of that case, however, is subject to the limitations expressed in the *Scaduto* case, *supra,* where members of the board of adjustment had made a personal inspection of the premises and granted the variance upon the knowledge thus obtained without fully disclosing on the record the facts and circumstances which impelled their action. In vacating the resolutions granting variances, the court said:

"We are not to indulge the presumption that sufficient reason for the exception was revealed by the Board's inspection of the *locus* \* \* \*. If the finding of 'unnecessary hardship' be permitted to rest upon the undisclosed matters found on the view, the parties in interest would be denied the essence of a hearing, for they would be kept in ignorance of the things deemed controlling by the board. Only by disclosure may the rights of the parties be protected both in the trial tribunal and on review."

That case was cited with approval by this court in *Giordano v. City Commission of the City of Newark,* 2 *N. J.* 585 (1949), wherein we said:

"We approve of the practice, where practical, of a board of adjustment making an inspection of the site and the neighborhood generally. *Amon v. Rahway*, 117 *N. J. L.* 589 (*Sup. Ct.* 1937). Such first hand knowledge is invaluable in the determination of zoning cases but the knowledge thus gained cannot be made the basis, in whole or in part, for the award of a variance or a change in a zoning ordinance unless there appears in the record the facts respecting the physical situation disclosed by the inspection.

No determination can be permitted to rest upon undisclosed finding or information dehors the record. If such could be the parties would be denied the essence of a hearing, they would be kept in ignorance of the things controlling the action of the board, and due process would be flouted. The rights of the parties can only be protected, both in the trial tribunal and on review, by a full disclosure on the record of the facts relied upon for the board's findings."

Here the undue hardship, if any, rested upon "undisclosed matters" not found in the record and we are not warranted in indulging "the presumption that sufficient reason for the exception was revealed by the board's inspection of the *locus.*"

The rights of the litigants must be determined from the record, and what constitutes a "full disclosure on the record of the facts relied upon for the board's findings" we are not called upon to determine. The question of an oath and the right of cross-examination are not issues here.

Taking cognizance of the visit made by the commissioners in the present case and giving full value to the legal presumption arising, we are still unable to find in the record before us any facts or evidence which would fulfill the statutory prerequisite of unnecessary hardship, without which the granting of the variances was unauthorized.

The judgment below is affirmed.

*For affirmance*—Chief Justice VANDERBILT, and Justices CASE, HEHER, OLIPHANT, WACHENFELD, BURLING and ACKERSON—7.

*For reversal*—None.