McVEIGH v. CITY OF BATTLE CREEK.

1. MUNICIPAL CORPORATIONS—ZONING APPEAL BOARDS—REVIEW BY COURTS.

Courts have the right to review decisions of zoning appeal boards when appeal therefrom is timely taken (CLS 1956, § 125.585).

2. SAME—ZONING APPEAL BOARDS—REHEARING.

Zoning appeal boards are not courts nor possessed of the powers of a court but are limited to the enabling statutes and ordinances creating them, hence, where no power to grant rehearing of their determinations has been conferred, they have no power to do so, since they are without the inherent power in such respect (CLS 1956, § 125.585).

3. SAME—ZONING APPEAL BOARD—REHEARING.

Action of zoning appeal board in setting aside previous order granting a building permit after order had become final, granting a rehearing and then denying the permit was properly set aside by trial court, where board had not been given the power to grant a rehearing either by enabling statute or ordinance (CLS 1956, § 125.585).

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur, Zoning § 230.
[2, 3] 58 Am Jur, Zoning § 227.

Appeal from Calhoun; Steinbacher (Harold E.), J. Submitted October 16, 1957. (Docket No. 76, Calendar No. 47,274.) Decided November 26, 1957.

Certiorari by William C. McVeigh against the City of Battle Creek, a municipal corporation, its zoning board of appeals and certain officials to challenge validity of proceedings in which rehearing was granted and plaintiff denied building permit. Order entered quashing order on rehearing and reinstating original decision granting permit. Defendant appeals. Affirmed.

*F. Jack Neller,* for plaintiff.

*Richard C. Scatterday,* City Attorney, for defendant.

SHARPE, J. This case involves the authority of the zoning board of appeals to grant a rehearing after the expiration of 5 days from the date of entry of an order of the zoning board of appeals. The facts are not in dispute and are as follows:

On June 19, 1956, the zoning board of appeals of the city of Battle Creek voted to permit a variance in the rear-yard requirements of the zoning ordinance of the city of Battle Creek and allowed the appeal of plaintiff from an action of the director of public works denying plaintiff's application for a building permit. Seven days after the date of the order the city attorney of Battle Creek filed with the zoning board of appeals an application for a rehearing on behalf of the city of Battle Creek. This request was granted and a public hearing was held, at which time an order was entered denying plaintiff's application for a building permit.

Plaintiff appealed the cause to the circuit court. Upon a hearing thereon the trial court entered an order, which, in part, reads as follows:

"In accordance with the foregoing finding it is hereby ordered that the action of the Battle Creek zoning board of appeals, taken by it on July 17, 1956, in relation to the plaintiff's appeal No. 566, rescinding its prior order of June 19, 1956, and its action taken on said date denying the said plaintiff's appeal be and the same hereby are quashed and held to be void and of no force and effect.

"It is further ordered that the action taken by said board in relation to said appeal, the same being plaintiff's appeal No. 566, on June 19, 1956, wherein said board allowed the plaintiff's application for a building permit to erect an addition to his existing building, as per plan submitted, be and the same is hereby affirmed.

"It is further ordered that the defendants' motion to dismiss the plaintiff's petition for a writ of certiorari is hereby dismissed for reasons heretofore shown in this court's finding."

In an opinion the court stated:

"It is the finding of this court that if the board does have the right of rehearing the same right must, as a matter of law, be exercised within the 5 days specified, unless it be shown that there has been fraud or mistake. The record in this case does not show or even intimate that there was any claim on the part of the defendants that there had been fraud or mistake involved in the hearing and decision made by the board of appeals on June 19, 1956."

The city of Battle Creek appeals and poses the question above stated.

CLS 1956, § 125.585 (Stat Ann 1955 Cum Supp § 5.2935), the enabling act empowering and authorizing cities and villages of Michigan to enact zoning ordinances, contains the following language:

"The board of appeals may reverse or affirm, wholly or partly, or may modify the order, requirement, decision or determination appealed from and shall make such order, requirement, decision or determination as in its opinion ought to be made in the premises, and to that end shall have all the powers of the officer from whom the appeal is taken."

The above statute and the zoning ordinance of the city of Battle Creek also provides:

"The decision of such board shall not become final until the expiration of 5 days from the date of entry of such order unless the board shall find the immediate effect of such order is necessary for the preservation of property or personal rights and shall so certify on the record."

Plaintiff urges that the first order of the zoning board of appeals became final 5 days after it was entered and that the zoning board had no authority to grant a rehearing of its previous action. In *Jones v. DeVries,* 326 Mich 126, we held that courts have the right to review decisions of zoning appeal boards when appeal therefrom is timely taken.

It is urged by defendant, city of Battle Creek, that a zoning board of appeals has inherent power to grant a rehearing where no rights have intervened between entry of the original order and the order granting a rehearing. We note that neither the statute nor the zoning ordinance grants or authorizes a rehearing. We are not unmindful of the fact that zoning appeal boards are not courts, nor are they possessed of the powers of a court. Such boards are limited to the statute and the ordinance. It is our opinion that such boards do not have the inherent power to grant a rehearing.

The judgment is affirmed, with costs.

Dethmers, C. J., and Smith, Edwards, Voelker, Kelly, Carr, and Black, JJ., concurred.