CITY OF EAST DETROIT, a Municipal
Corporation, et al., Appellants,

v.

DETROIT EDISON COMPANY, a New
York Corporation, Appellee.

No. 13815.

United States Court of Appeals
Sixth Circuit.

Dec. 14, 1959.

Carl B. Weymouth, East Detroit, Mich. (David Gooze, Detroit, Mich., on the brief), for appellants.

Laurence M. Sprague, Detroit, Mich. (Harvey A. Fischer, George Hogg, Jr., Detroit, Mich., on the brief), for appellee.

Before MARTIN, MILLER and WEICK, Circuit Judges.

PER CURIAM.

The Board of Appeals on Zoning of the City of East Detroit, on March 3, 1958, granted to the appellee permission to construct on its property in said city, a control shelter for its electric transformer station. The architectural plans therefor were to be submitted to the City Planning Consultant and the City Council for approval.

On May 9, 1958, the City Planning Consultant approved the plans submitted by appellee as conforming with the general architecture and plan of the district subject to some minor changes to which appellee agreed.

On May 12, 1958, the Board undertook to rehear the matter and passed a resolution rejecting the plans. An election had intervened resulting in some change in the composition of the Board.

Under the plain language of the zoning ordinance appellee had the right to construct, erect and maintain its electrical transmission system without any permit as this was expressly excepted from the operation of the ordinance. The Company needed only the permit to construct the control shelter for its electric transformer station. This was an integral part of its system without which it could not be operated or maintained.

Having granted permission to construct the control shelter on March 3, 1958, the Board could not rehear the matter under Michigan law, after the expiration of five days. McVeigh v. City of Battle Creek, 1957, 350 Mich. 214, 86 N. W.2d 279; MSA ¶5.2935, Comp.Laws 1948, § 125.585. The resolution of March 3, 1958, therefore, had become final and it was the duty of the Board to approve the plans submitted in conformity therewith. Its rejection of the plans and refusal to issue the building permit was arbitrary and unreasonable.

The District Court was right in granting judgment on its findings of fact and conclusions of law in favor of appellee ordering the City to issue the permit and its judgment is, therefore, affirmed.