*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

LAKEVIEW VINEYARDS, LLC, and DANIEL NITZ,

UNPUBLISHED
June 13, 2024

Appellees,

v

No. 364347
Berrien Circuit Court
LC No. 2021-000244-AV

ORONOKO CHARTER TOWNSHIP,

Appellant.

Before: RICK, P.J., and JANSEN and LETICA, JJ.

PER CURIAM.

In this special land-use zoning action, defendant, Oronoko Charter Township, appeals as of right the circuit court order regarding plaintiffs', Lakeview Vineyards, LLC, and Daniel Nitz (together, Lakeview),[1] special land-use application to add a tasting room to Chill Hill Winery. The circuit court's order affirmed the Township's grant of the special land-use application and struck the hours-of-operation and sound conditions imposed. We affirm.

## I. FACTUAL BACKGROUND

This case arises out of Lakeview's special land-use request to open a tasting room at Chill Hill Winery. Throughout the administrative process regarding this request, Jeffery Lemon—a planning commission board member and owner of a winery that is a direct competitor to Lakeview—was involved in meetings and discussions pertaining to the special conditions ultimately imposed. Lemon recused himself before the final meeting and vote; however, after recusal, Lemon submitted a list of similarly situated tasting rooms and their hours of operations indicating that Lakeview's proposed hours of operations were not in line with the Lake Michigan Shore Wine Trail wineries.

---

[1] Nitz is the CEO of Chill Hill Winery, which is presumably part of Lakeview Vineyards.

The land-use request was ultimately granted by a unanimous vote with a list of conditions—including hours-of-operation and sound conditions. Lakeview appealed the Township's decision to the circuit court, arguing that it deprived Chill Hill of an impartial decision-maker, and was not based on competent, material, and substantial evidence. The circuit court found that the planning commission did not incorporate a statement of findings and conclusions specifying the basis for the conditions imposed, or follow proper procedure. The circuit court affirmed the Township's grant of the special land-use application and struck the hours-of-operation and sound conditions involved. This appeal followed.

## II. STANDARD OF REVIEW

"With respect to this Court's review of the circuit court's examination of agency action, we must determine whether the circuit court applied correct legal principles and whether the circuit court misapprehended or grossly misapplied the substantial-evidence test in relation to the agency's factual findings." *Brang, Inc v Liquor Control Comm*, 320 Mich App 652, 660; 910 NW2d 309 (2017). The substantial-evidence test is essentially the clear error standard of review. *Id*. "[A] finding is clearly erroneous when, on review of the whole record, this Court is left with the definite and firm conviction that a mistake has been made." *Boyd v Civil Serv Comm*, 220 Mich App 226, 235; 559 NW2d 342 (1996). We give "great deference to a circuit court's review of the factual findings made by an administrative agency, but substantially less deference, if any, is afforded to the circuit court's decisions on matters of law." *Brang*, 320 Mich App at 660-661. "When there is sufficient evidence, a reviewing court may not substitute its discretion for that of the administrative tribunal, even if the court might have reached a different result." *McBride v Pontiac Sch Dist*, 218 Mich App 113, 123; 553 NW2d 646 (1996).

## III. AUTHORIZED BY LAW

The Oronoko Charter Township Zoning Ordinance 18.02(E) states that "[a] decision or condition related to a special use application may not be appealed to the Zoning Board of Appeals." In *Carleton Sportsman's Club v Exeter Twp*, 217 Mich App 195, 200; 550 NW2d 867 (1996), this Court determined that when "a township zoning ordinance does not provide for review of a request for a special land-use permit by a zoning board of appeals, the township board's decision is final and subject to appellate review by the circuit court pursuant to Const 1963, Art 6, § 28." Article 6, § 28 of the Michigan Constitution states, in pertinent part:

> All final decisions, findings, rulings and orders of any administrative officer or agency existing under the constitution or by law, which are judicial or quasi-judicial and affect private rights or licenses, shall be subject to direct review by the courts as provided by law. This review shall include, as a minimum, the determination whether such final decisions, findings, rulings and orders are authorized by law; and, in cases in which a hearing is required, whether the same are supported by competent, material and substantial evidence on the whole record.

Furthermore, because the Oronoko Charter Township Zoning Ordinance does not provide for review of a request for a special land-use permit by a zoning board of appeals, the decision in this case was also reviewable under MCR 7.122(G)(2). "In an appeal from a final determination under a zoning ordinance where no right of appeal to a zoning board of appeals exists, the court shall

determine whether the decision was authorized by law and the findings were supported by competent, material, and substantial evidence on the whole record." MCR 7.122(G)(2).

However, in this case, the circuit court determined that, because Const 1963, Art 6, § 28 states that "*as a minimum*, the determination whether such final decisions, findings, rulings and orders are authorized by law; and, in cases in which a hearing is required, whether the same are supported by competent, material and substantial evidence on the whole record," it was "not precluded from ensuring the [Township's] decision was based on proper procedure, beyond that consistent with procedural due process, and was a reasonable exercise of discretion under applicable law." (Emphasis added.) Because "[a]n agency decision is not authorized by law if it violates constitutional or statutory provisions, lies beyond the agency's jurisdiction, follows from unlawful procedures resulting in material prejudice, or is arbitrary and capricious," *Dearborn Hts Pharmacy v Dep't of Health & Human Servs*, 338 Mich App 555, 559; 980 NW2d 736 (2021) (quotation marks and citation omitted), we agree that whether the planning commission followed proper procedures while making its decision was a relevant and appropriate consideration for the circuit court—and now this Court—to consider on appeal.

The Township first argues that the planning commission's decision was authorized by law. Before the planning commission's findings may be considered for their substance, it is important to determine whether sufficient findings were even made. MCL 125.3502(4) states:

> The body or official designated to review and approve special land uses may deny, approve, or approve with conditions a request for special land use approval. The decision on a special land use shall be incorporated in a statement of findings and conclusions relative to the special land use which specifies the basis for the decision and any conditions imposed.

In this case, the circuit court found that the planning commission did not comply with MCL 125.3502(4) because "[a]lthough much discussion was had at the hearings on [Lakeview's] application, the evidentiary basis for the hours-of-operation and sound conditions was not specified."

A county board speaks through its official minutes and resolutions. *46th Circuit Trial Court v Crawford Co*, 266 Mich App 150, 161; 702 NW2d 588 (2005), rev'd in part on other grounds 476 Mich 131 (2006). However, in *Reenders v Parker*, 217 Mich App 373, 378-379; 551 NW2d 474 (1996), this Court explained that

> [m]eaningful judicial review of whether there was competent, material, and substantial evidence on the record to support a zoning board decision requires "a knowledge of the facts justifying the board's . . . conclusion." *Tireman-Joy-Chicago Improvement Ass'n v Chernick*, 361 Mich 211, 219; 105 NW2d 57 (1960). Accordingly, "the board of zoning appeals must state the grounds upon which it justifies the granting of a variance." *Id*. It is insufficient for the zoning board to merely repeat the conclusionary language of the zoning ordinance without specifying the factual findings underlying the determination that the requirements of the ordinance were satisfied in the case at hand.

-3-

In this case, the planning commission merely stated that Lakeview "adequately answered the questions," "completed the application (according to Zoning Ordinance 18.02)[,] and paid all fees." Therefore, the planning commission did not make any factual findings underlying its determination that the ordinance was satisfied. See *Reenders*, 217 Mich App at 379. During the meetings involving the special land-use request, there were discussions regarding why sound and hour conditions should be implemented; however, those discussions consisted of statements made by individuals, not the board as a whole. For example, although noise complaints were mentioned, no specific instances, nor comprehensive data, were introduced on the record to support the sound conditions. Therefore, because the planning commission did not incorporate a statement of findings or conclusions specifying the basis for the conditions imposed, it did not comply with MCL 125.3502(4).

Despite determining that there were insufficient findings made by the planning commission, the circuit court went on to specifically find that there was insufficient evidence of noise complaints to justify the sound conditions imposed, and "the list of similar businesses and their hours provided by Lemon, a competitor of [Lakeview], was, by its nature, selective and incomplete, and so did not constitute substantial and competent evidence."

"When reviewing whether an agency's decision was supported by competent, material, and substantial evidence on the whole record, a court must review the entire record and not just the portions supporting an agency's findings." *Huron Behavioral Health v Dep't of Community Health*, 293 Mich App 491, 497; 813 NW2d 763 (2011) (quotation marks and citation omitted). "Substantial evidence is that which a reasonable mind would accept as adequate to support a decision, being more than a mere scintilla, but less than a preponderance of the evidence. Evidence is competent, material, and substantial if a reasoning mind would accept it as sufficient to support a conclusion." *Lawrence v Mich Unemployment Ins Agency*, 320 Mich App 422, 431; 906 NW2d 482 (2017) (quotation marks and citations omitted). "If there is sufficient evidence, the circuit court may not substitute its judgment for that of the agency, even if the court might have reached a different result." *VanZandt v State Employees' Retirement Sys*, 266 Mich App 579, 584; 701 NW2d 214 (2005).

Because the planning commission failed to make proper findings and conclusions supporting the conditions imposed, there were no findings for the circuit court to appropriately consider. Based on this arbitrary action by the planning commission, without any analysis as to its reasoning, the circuit court's removal of the conditions was appropriate. Moreover, we cannot conclude that the circuit court clearly erred in its findings that the conditions were not justified based on the record as a whole.

## IV. LEMON'S INVOLVEMENT

The Township next argues that the planning commission followed proper procedure. Lakeview argued that it was deprived of an impartial decision-maker because despite having a clear conflict of interest, Lemon participated in multiple meetings and discussions regarding Lakeview's special land-use application. In response, the Township argued that the planning commission complied with the law when Lemon recused himself and abstained from voting.

"The Fourteenth Amendment to the United States Constitution and the Const. 1963, art. 1 § 17 guarantee that no state shall deprive any person of life, liberty or property, without due process of law." *People v Sierb*, 456 Mich 519, 522; 581 NW2d 219 (1998) (quotation marks omitted). Procedural due process ensures that when a "government action depriving a person of life, liberty, or property survives substantive due process scrutiny, it must still be implemented in a fair manner." *United States v Salerno*, 481 US 739, 746; 107 S Ct 2095; 95 L Ed 2d 697 (1987). "Due process in civil cases generally requires notice of the nature of the proceedings, an opportunity to be heard in a meaningful time and manner, and an impartial decisionmaker." *Hinky Dinky Supermarket*, *Inc v Dep't of Community Health*, 261 Mich App 604, 606; 683 NW2d 759 (2004) (quotation marks and citation omitted).

"The term 'property,' as used in the due process clause, refers to vested rights. It has no reference to mere concessions or privileges which a state or municipality may control, and bestow or withhold at will." *Sherwin v Mackie*, 364 Mich 188, 200; 111 NW2d 56 (1961) (quotation marks and citation omitted). Because this case involves a special land-use request—in which the Township planning commission had discretion in approving—Lakeview does not have a vested property right nor an entitlement to procedural due process. Therefore, Lakeview's argument that it was deprived its due-process right of an impartial decision-maker lacks merit.

The Michigan Planning Enabling Act, MCL 125.3801 *et seq*., states, in relevant part, that

[b]efore casting a vote on a matter on which a member may reasonably be considered to have a conflict of interest, the member shall disclose the potential conflict of interest to the planning commission. The member is disqualified from voting on the matter if so provided by the bylaws or by a majority vote of the remaining members of the planning commission. Failure of a member to disclose a potential conflict of interest as required by this subsection constitutes malfeasance in office. [MCL 125.3815(9).]

In this case, Lemon voluntarily recused himself, and did not vote on the special land-use request; therefore, there was no malfeasance under MCL 125.3815(9). However, Lakeview argued, and the circuit court found, that the "Planning Commission did not follow proper procedure in adding the hours and sound condition because Chairman Lemon, a competitor of [Lakeview], was directly involved in generating those conditions."

"An agency decision is not authorized by law if it violates constitutional or statutory provisions, lies beyond the agency's jurisdiction, *follows from unlawful procedures resulting in material prejudice*, or is arbitrary and capricious." *Dearborn Hts Pharmacy*, 338 Mich App at 559 (quotation marks and citation omitted; emphasis added). Lemon was associated with Lemon Creek Winery, which was located 2,099 feet from Chill Hill Winery. Lemon was aware that Lemon Creek Winery and Chill Hill Winery were both members of the Lake Michigan Shore Wine Trail. Therefore, as a direct competitor, Lemon had a direct pecuniary interest in Lakeview's special land-use request.

Despite this conflict of interest, Lemon acted as the chair of the July 6, 2021 planning commission meeting, during which Lakeview's special land-use request was first discussed, and a

board member recommended that Lakeview "keep noise in mind for the public hearing." Similarly, Lemon acted as the chair of the August 17, 2021 planning commission meeting, during which Lemon participated in discussions about appropriate closing times and noise concerns. At this meeting, other board members mentioned the issues that the Township had regarding noise complaints and actively questioned Lakeview about its hour and sound concerns. One board member even stated that the planning commission "should be consistent with all tasting rooms hours to treat everyone the same." The circuit court found that Lemon also participated in a subcommittee meeting at which the hour and sound conditions were drafted and proposed; however, there is no direct evidence included in the record indicating whether Lemon attended this subcommittee meeting.

On August 20, 2021, Lemon formally recused himself "from all discussion and decisions" related to Lakeview's special land-use application. However, on August 23, 2021, Lemon sent two board members an e-mail indicating his recusal, stating "I am good with whatever if any conditions the Planning Commission puts on the request." Attached to Lemon's e-mail was a statement that said, "I believe Lakeview Vineyards (Chill Hill's) request for tasting room hours of operation are not in line with the wineries [not legible] Southwest MI nor the [Lake Michigan Shore Wine Trail] wineries," and a list of tasting room hours for current and past Lake Michigan Shore Wine Trail wineries. Lakeview also provided a list of "similar businesses with mixed/beer/wine/spirits" and "wineries" as well as their corresponding business hours.

On October 5, 2021, a continued hearing regarding Lakeview's special land-use request was held. Lemon acted as the chair for this meeting, but before the issue of Lakeview's special land-use request was discussed, Lemon recused himself "[d]ue to a conflict of interest."

When viewing the evidence as a whole, we cannot conclude that Lemon followed proper procedures. He was the owner of a neighboring winery in direct competition with Chill Hill. Lemon was heavily involved in Lakeview's application process before his recusal. And after his recusal, he still sent the list of similar businesses and their corresponding hours and other correspondence. Although Lemon did not take part in the final vote, his involvement before and after his recusal likely materially prejudiced the planning commission's procedures against Lakeview.

Agencies are made up of "local residents who reside in the township and who possess a much more thorough knowledge of local conditions, current land uses, and the manner of future development desirable for those who reside in the township." *Szluha v Avon Charter Twp*, 128 Mich App 402, 410; 340 NW2d 105 (1983).[2] "Those serving as adjudicators are presumed to act with honesty and integrity in the absence of evidence showing that the circumstances pose 'such a risk of actual bias or prejudgment that the practice must be forbidden . . . .' " *Hughes v Almena*

---

[2] Court of Appeals cases decided before November 1, 1990, are not binding. MCR 7.215(J)(1). Although this Court is not "*strictly required* to follow uncontradicted opinions from this Court decided before November 1, 1990," those opinions are "nevertheless considered to be precedent and entitled to significantly greater deference than are unpublished cases." *Woodring v Phoenix Ins Co*, 325 Mich App 108, 114-115; 923 NW2d 607 (2018).

*Twp*, 284 Mich App 50, 72; 771 NW2d 453 (2009) (citation omitted). Although there is no evidence indicating that the board members were biased or unfairly allowed Lemon Creek Winery any business advantages, we cannot conclude that the circuit court erred when it determined that the planning commission heard and relied on information and opinions provided by Lemon, and "cannot now 'unring the bell.' " Because the planning commission failed to follow proper procedure based on Lemon's improper involvement, the circuit court's decision to strike the hours-of-operation and sound conditions was appropriate.

## V. REMEDY

Lastly, the Township argues that if we conclude that the record was inadequate or that the planning commission failed to comply with the law, then the appropriate remedy is to remand to the planning commission. The circuit court found that the planning commission did not incorporate a statement of findings and conclusions specifying the basis for the conditions imposed, or follow proper procedure. Instead of remanding this case to the planning commission, the circuit court affirmed the Township's grant of the special land-use application and struck the hours-of-operation and sound conditions involved.

Lakeview argues that MCL 125.3606 allows the circuit court to "affirm, reverse, or *modify* the decision of the zoning board of appeals." (Emphasis added.) However, as previously discussed, because Oronoko Charter Township Zoning Ordinance 18.02(E) does not provide for review of a request for a special land-use permit by a zoning board of appeals, the decision in this case was reviewable by the circuit court under Const 1963, art 6, § 28 and MCR 7.122(G)(2), not MCL 125.3606. See MCR 7.122(G)(1), MCL 125.3606(1), and *Carleton Sportsman's Club*, 217 Mich App at 200. Both Const 1963, art 6, § 28 and MCR 7.122(G)(2) require the circuit court to determine whether the planning commission decision was authorized by law. An agency's decision is not authorized by law if it violates a statute or follows from unlawful procedure resulting in material prejudice. *Dearborn Hts Pharmacy*, 338 Mich App at 559. Because the planning commission failed to provide findings and conclusions in violation of MCL 125.3502, and its decision followed unlawful procedure resulting in material prejudice from Lemon's improper involvement, the circuit court properly removed the conditions, and a remand to the planning commission is not necessary.

Affirmed.

/s/ Michelle M. Rick
/s/ Kathleen Jansen
/s/ Anica Letica