REENDERS v PARKER

Docket No. 178659. Submitted February 7, 1996, at Grand Rapids. Decided
July 2, 1996, at 9:00 A.M.

Robert D. and Betty A. Reenders petitioned the Ottawa Circuit Court
for a review of a decision by the Grand Haven Township Zoning
Board of Appeals to grant a variance to D. Brewster Parker to
enable Parker to build an addition to his residence that will not
conform to the size and setback requirements of the township's
zoning ordinance. The court, Edward R. Post, J., affirmed the
board's decision. The Reenders appealed.

The Court of Appeals *held*:

1. The Reenders were not aggrieved by the building inspector's
denial of a construction permit to Parker and were therefore not
entitled to notice, as provided in § 23 of the Township Rural Zoning
Act, MCL 125.293; MSA 5.2963(23), of the zoning board meeting at
which Parker's request for a variance was considered.

2. The Reenders' receipt of notice of the zoning board meeting
three days before the meeting complied with the two-day notice
requirement under the township's zoning ordinance. The method by
which the Reenders were notified did not violate due process.

3. The decision of the zoning board cannot be meaningfully
reviewed by the Court of Appeals because the record of the zoning
board proceedings provides an insufficient basis for determining
whether the board's decision is contrary to law, based on improper
procedure, not supported by competent, material, and substantial
evidence on the record, or an abuse of discretion. Also unclear are
the board's determinations with respect to the four criteria set
forth in the township's zoning ordinance for granting variances.
The case must be remanded for further proceedings before the
township zoning board of appeals.

Remanded.

ZONING — TOWNSHIP BOARDS OF APPEAL — JUDICIAL REVIEW.

A decision by a township zoning board of appeals should be affirmed
by the courts unless it is contrary to law, based on improper proce-
dure, not supported by competent, material, and substantial evi-
dence on the record, or an abuse of discretion (Const 1963, art 6,
§ 28; MCL 125.293a; MSA 5.2963[23a]).

*McShane & Bowie, P.L.C.* (by *Thomas C. Shearer*), for Robert D. and Betty A. Reenders.

*Van Eenenaam & White* (by *Randall Allen White*), for D. Brewster Parker.

*Bussard & Sielski* (by *Philip R. Sielski*), for Grand Haven Township and Grand Haven Township Zoning Board of Appeals.

Before: CORRIGAN, P.J., and BANDSTRA and W. A. CRANE,* JJ.

BANDSTRA, J. Robert D. and Betty A. Reenders were granted leave to appeal[1] a decision of the circuit court that affirmed a decision of the Grand Haven Township Zoning Board of Appeals granting a variance to D. Brewster Parker for the purpose of improving and expanding a building. We remand to the zoning board.

The Reenders own property adjacent to property owned by Parker. Parker's lot and home were established before the now-applicable zoning ordinance was enacted. Under the terms of that ordinance, Parker's lot and building are undersized and the building is placed too close to the Reenders' property to satisfy setback requirements. After a building permit was denied, Parker requested a variance to construct an addition to the building, a summer home, which would allow it to be used year round and make it handicap accessible. The addition would further

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] We do not consider Parker's argument regarding the Reenders' standing to appeal the decision of the zoning board because it was not included in the order granting leave to appeal and it was first raised in Parker's brief on appeal.

encroach on the setback from the Reenders' property. On Friday, February 18, 1994, a notice appeared in the *Grand Haven Tribune* and a notice was also posted on the Parker property regarding a zoning board meeting to consider the variance the following Tuesday, February 22. On Saturday, February 19, the zoning board mailed notices of the monthly meeting to adjacent property owners; because mail was not delivered on Presidents' Day, Monday, February 21, the Reenders and presumably other addressees did not receive this notice until the day of the hearing. However, the Reenders admit that on Saturday, February 19, they spoke with a member of the zoning board regarding the variance and the meeting. Although the Reenders attended the meeting with their attorney to argue against the variance, it was granted to Parker, and the Reenders appeal that decision.

The Reenders first contend that the notice regarding the zoning board meeting at which the variance was granted was inadequate. We disagree. With regard to statutorily required notice, the circuit court correctly determined that § 23 of the Township Rural Zoning Act, MCL 125.293; MSA 5.2963(23), did not guarantee the Reenders any right to notice. The Reenders were not "parties" to the zoning board proceedings because they had not been "aggrieved" by the initial ruling of the building inspector denying a construction permit to Parker, the decision under review at the zoning board hearing. See MCL 125.290; MSA 5.2963(20).

With respect to rule-required notice, the parties acknowledge that the Grand Haven Township Zoning Ordinance confers authority on the zoning board to

adopt rules governing its procedures and that the zoning board has established a rule requiring notice published in a newspaper and notice by posting on property that might be affected by action at a zoning board hearing, at least two days before the hearing. Although the parties agree that the zoning board complied with the rule in this case, the Reenders contend that the rule-required notice procedure failed to satisfy constitutional due process guarantees. However, because the Reenders concede that they actually received notice three days before the hearing, we do not conclude that the Reenders were denied due process in this case. See *Lanphear v Antwerp Twp*, 50 Mich App 641, 650; 214 NW2d 66 (1973) ("While publication might under some circumstances not be sufficient for due process purposes, since here publication was coupled with notice to plaintiffs' attorney, this Court deems it constitutionally adequate.").[2]

The Reenders next contend that granting the variance was an "abuse of discretion" because it contradicts the general policy under state law and the township's ordinance against the extension of nonconforming uses. However, the applicable statute explicitly allows the "extension . . . of nonconforming uses upon reasonable terms set forth in the zoning ordinance." MCL 125.286(2); MSA 5.2963(16)(2). While it is true that "[t]he policy of the law is against the extension or enlargement of nonconforming uses,"

---

[2] To support their due process argument, the Reenders point to precedents from other states, *Slagle v Meriden Zoning Bd of Appeals*, 144 Conn 690; 137 A2d 542 (1957), and *Rousseau v Bldg Inspector of Framingham*, 349 Mass 31; 206 NE2d 399 (1965). However, both of these precedents determined whether notice had been provided as required by an applicable statute or ordinance, not as required by the constitution's due process guarantee.

this means that "zoning regulations should be strictly construed with respect to expansion." *Norton Shores v Carr*, 81 Mich App 715, 720; 265 NW2d 802 (1978). In other words, as long as the zoning board followed ordinance regulations regarding the extension of the nonconforming use, strictly construed, the variance was appropriately granted to Parker.

The variance was granted under § 2304 of the ordinance,[3] which provides:

> Except as otherwise provided, to authorize a variance from the strict applications of the provisions of this Ordinance, the Township Board of Zoning Appeals shall apply the following standards and make an affirmative finding as to each of the matters set forth in each of such standards:
>
> 1. That there are exceptional or extraordinary circumstances or conditions applying to the property that do not apply generally to other properties in the same zoning classification.
>
> 2. That such variance is necessary for the preservation and enjoyment of a substantial property right similar to that possessed by other properties in the same zoning district and in the vicinity, provided that possible increased financial return shall not of itself, be deemed sufficient to warrant a variance.

---

[3] The minutes of the zoning board meeting do not indicate why this zoning ordinance provision was applied to this case instead of other provisions that also seem applicable. For example, there is no indication why § 1904 of the ordinance, having to do with "yard regulations . . . on lots of peculiar shape [or] topography" was not more specifically applicable than was § 2304's more general provision regarding variances. Perhaps the board considered § 2304 to be more "stringent" than § 1904 and thus the governing provision under § 1800 of the ordinance. Assuming the zoning board had authority to review the request for the variance under either § 2304 or § 1904, it would be helpful to a court in its statutory review of a variance decision if there was some indication in the record why the board considered the variance request under the ordinance provision that it did.

3. That authorization of such variance will not be of substantial detriment to adjacent property, and will not materially impair the intent and purpose of this Ordinance or the public health, safety and general welfare of the community.

4. That the condition or situation of the specific piece of property or the intended use of said property for which the variance is sought, is not of so general or recurrent a nature as to make reasonably practical the formulation of a general regulation for such condition or situation, a part of this Ordinance.

The board determined that each of the four criteria was satisfied in its decision to grant the variance to Parker.

The decision of a zoning board should be affirmed by the courts unless it is (1) contrary to law, (2) based on improper procedure, (3) not supported by competent, material, and substantial evidence on the record, or (4) an abuse of discretion. Const 1963, art 6, § 28; MCL 125.293a; MSA 5.2963(23a); *Johnson v Robinson Twp*, 420 Mich 115, 124; 359 NW2d 526 (1984). Regarding "improper procedure," the Reenders' arguments alleging notice deficiencies have already been discussed. The Reenders further contend that the zoning board decision was not supported by competent, material, and substantial evidence on the record.

Meaningful judicial review of whether there was competent, material, and substantial evidence on the record to support a zoning board decision requires "a knowledge of the facts justifying the board's . . . conclusion." *Tireman-Joy-Chicago Improvement Ass'n v Chernick*, 361 Mich 211, 219; 105 NW2d 57 (1960). Accordingly, "the board of zoning appeals must state the grounds upon which it justifies the granting of a variance." *Id*. It is insufficient for the zoning board to

merely repeat the conclusionary language of the zoning ordinance without specifying the factual findings underlying the determination that the requirements of the ordinance were satisfied in the case at hand. *Badanek v Schroskey*, 21 Mich App 582, 584-585; 175 NW2d 784 (1970).

Applying these principles, we conclude that the circuit court erred in determining that there was sufficient factual evidence in the record to support the zoning board's decision.[4] The ordinance requires "an affirmative finding as to each of the matters set forth in each of [the] standards." Although an affirmative vote was taken with regard to each standard, we do not find that there is sufficient record evidence or indication of the reasoning employed to support the board's determination with respect to standards 2, 3, and 4.

Regarding the second standard, the board noted only: "Currently not usable as it stands, undersized for R-1 zoning district." The board's determination that the existing building was "[c]urrently not usable" is nonsensical in the face of uncontradicted agreement by all parties that the building is currently used as a summer residence, as it has been for decades. Further, we find it difficult to determine why the board noted that something was "undersized" (either

---

[4] We also note that the circuit court based its analysis, in part, on whether there were "practical difficulties" that would justify granting a variance. The zoning board might have been able to vary or modify the ordinance in the face of "practical difficulties or unnecessary hardship" and thus grant the requested variance, MCL 125.293; MSA 5.2963(23), and, in this "nonuse" context, practical difficulties would have been sufficient to take that approach. *Heritage Hill Ass'n, Inc v Grand Rapids*, 48 Mich App 765, 769; 211 NW2d 77 (1973). However, "practical difficulties" are not the standard by which variances are granted under § 2304, the ordinance provision the zoning board relied upon in this case.

the lot or the existing structure) under standard 2. Perhaps the board was referring to the small size of the building and determining that the ability to have and enjoy a larger structure constituted a "substantial property right similar to that possessed by other properties" as required by the standard. Assuming that was the board's strained reasoning, we find it difficult to conclude that it was based on "competent" evidence. There was no testimony from surrounding landowners, other than Robert Reenders, and the record reveals no evidence regarding whether Parker's "undersized" building was unique or, instead, "similar to . . . other properties" in the zoning district, in which case standard 2 would not be satisfied.[5]

With respect to the third standard of § 2304, the board noted only that neighboring homes' views of the lake would not be obstructed. The record indicates, however, that Robert Reenders also argued that the addition to Parker's building would further encroach into the required setback from his property, create a hardship on the septic system, and result in a parking problem. The record suggests that the board failed to consider these issues and thus failed to "make an affirmative finding . . . [t]hat authorization of such variance will not be of substantial detriment to adjacent property" with respect to these matters.

---

[5] We determined earlier that the board complied with all public notice requirements. However, the board's decision to grant a variance under § 2304 requires it to compare the subject property with other properties in the area with respect to each of the four standards. To assure that decisions under § 2304 are based on the required competent, material, and substantial evidence, the board would probably be well-advised to establish procedures to assure fuller public participation in hearings where variances under § 2304 are considered.

The board made no statement whatsoever to justify its decision that standard 4 of § 2304 was satisfied. Nothing in the record suggests whether the Parker situation was "of so general or recurrent a nature" that it required a more general response.

We are mindful of the deference that must be afforded to the zoning board's decision. *Gordon v Bloomfield Hills*, 207 Mich App 231, 232; 523 NW2d 806 (1994). However, we cannot affirm a decision where the record is as devoid of factual or logical support as is the case here.

Having found the record insufficient to support the zoning board's decision, we are urged by the Reenders to reverse that decision. However, we do not conclude that the zoning board necessarily rendered the wrong decision or a decision that was unauthorized by law. We conclude only that the record developed by the zoning board is inadequate to allow us to determine whether the board's decision was supported by competent, material, and substantial evidence, as required by MCL 125.293a(1)(c); MSA 5.2963(23a)(1)(c). Accordingly, consistent with MCL 125.293a(2); MSA 5.2963(23a)(2), we remand this matter to the zoning board for further proceedings and a fuller explanation of the facts and reasoning by which the standards of § 2304 are or are not satisfied.[6]

We remand and retain jurisdiction. The zoning board should complete further proceedings consistent with this opinion within ninety days.

---

[6] This assumes the board will continue to consider the variance request under § 2304 rather than some other ordinance or statutory provision by which it might be allowed. See, e.g., MCL 125.293; MSA 5.2963(23); Grand Haven Township Zoning Ordinance, § 1904.