*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

KEEP WHITEWATER TOWNSHIP RURAL, INC, and VICKI BEAM,

Appellants,

v

WHITEWATER TOWNSHIP,

Appellee,

and

BAGGS PARTNERS, LLC,

Third-Party Intervenor.

UNPUBLISHED
June 13, 2025
11:21 AM

No. 371421
Grand Traverse Circuit Court
LC No. 23-036775-AS

Before: YATES, P.J., and YOUNG and WALLACE, JJ.

PER CURIAM.

Appellants, Keep Whitewater Township Rural, Inc., and Vicki Beam, appeal of right the circuit court's order affirming a decision of the Whitewater Township Zoning Board of Appeals (ZBA). The ZBA had granted a land-division variance to third-party intervenor, Baggs Partners, LLC, which allowed a parcel of real property owned by Baggs Partners to be considered compliant with the relevant ordinances, despite the fact that that parcel did not comply with the requirement that the depth-to-width ratio of the parcel must not exceed 4:1. Because the ZBA did not provide sufficient factual findings, we vacate the circuit court's order affirming the ZBA order and remand this matter to the ZBA for further explanation of its decision to grant a land-division variance.

## I. FACTUAL BACKGROUND

In 2020, Morrison Orchards, LLC, owned a vacant parcel of real property in Whitewater Township (the Township) that was approximately 123 acres. Morrison Orchards filed a request with the Township to divide that property into two parcels so it could sell the south 30 acres of the

property. The Township granted Morrison Orchards's land-division request, and so a new 30-acre parcel (the subject parcel) was created. That 30-acre parcel is at the center of this dispute.

After approval of the land division, Morrison Orchards sold the subject parcel in May 2020. The subject parcel was sold again in January 2022, and then ownership was transferred to Baggs Partners via a quitclaim deed in February 2022. On August 29, 2022, two nearby property owners submitted a complaint about the validity of the 2020 land division that created the subject parcel. The complaint alleged that the subject parcel did not comply with the requirement that the depth-to-width ratio should not exceed 4:1. The Whitewater Township Board (the Board) held a special meeting on May 3, 2023, to address that complaint. The Board decided that the subject parcel did not comply with the Township's land-division ordinance, so it was ineligible for building permits or zoning approvals.

On June 19, 2023, Baggs Partners submitted what was styled as an appeal of the Board's decision that the subject parcel was not compliant with the land-division ordinance, and a request for a variance from the requirement that a parcel's depth-to-width ratio should not exceed 4:1. On August 24, 2023, the ZBA held a meeting including a public hearing on Baggs Partners's requests. The ZBA heard argument from Baggs Partners, reviewed correspondence from the public in favor of, and opposed to, the variance, and heard comments from members of the public both in favor of, and opposed to, the variance. The ZBA then made findings of fact concerning the creation of the subject parcel, its ownership history, and the history of the current dispute. The ZBA addressed the elements that had to be established to grant a variance and determined that Baggs Partners had satisfied all five conditions needed to obtain a variance.[1] Consequently, the ZBA entered a written order granting the requested variance.

On September 22, 2023, appellants challenged the ZBA's order by appealing to the circuit court. The Township was identified as the appellee, and Baggs Partners intervened. On April 15, 2024, appellants submitted a brief to the circuit court. Similar to the issues presented in the instant

---

[1] "In order for a variance to be granted, evidence must be presented at a public hearing that all of the following conditions exist:

- Exceptional or extraordinary circumstances exist such as exceptional topographical or physical conditions; or that the greater ratio would be reasonably compatible with the surrounding lands.

- Strict compliance with the regulations of this Ordinance will unreasonably prevent the applicant from developing the property or will render conformity with the regulations of this Ordinance unreasonably burdensome.

- The requested variance will not cause an adverse impact on the development of surrounding property, property values or the use and enjoyment of property in the immediate area.

- Health, safety and welfare will not be compromised.

- The requested variance is the minimum variance necessary to permit reasonable use of the land." Township of Whitewater Land Division Ordinance, No. 26, § VIII.

appeal, appellants asserted that the Township failed to follow proper procedures when it approved the land division in 2020, and so that procedural defect prevented the ZBA from granting the 2023 variance. In addition, appellants insisted that it was improper to grant the variance because Baggs Partners had failed to satisfy the requirements for such a variance. Both Baggs Partners and the Township responded with submissions in favor of the ZBA's order. With the matter fully briefed, the circuit court held oral argument on June 3, 2024. After hearing from the parties, the trial court upheld the ZBA's decision. Appellants now appeal of right to this Court.

## II. LEGAL ANALYSIS

On appeal, appellants argue that a procedural deficiency precluded the ZBA from granting a variance to Baggs Partners, so the circuit court erred when it affirmed that decision. Additionally, appellants assert that the ZBA erred when it determined that Baggs Partners had established valid grounds for a variance, and that the circuit court erred when it concluded that the ZBA's decision was supported by competent, material, and substantial evidence. We will address these arguments in turn.

### A. THE PROCEDURE FOR APPROVING THE 2020 LAND DIVISION

Appellants contest the procedure used to approve the land division in 2020, which created the subject parcel. They contend that that procedural deficiency in the 2020 land-division approval rendered the ZBA's 2023 variance award invalid. "When reviewing a decision of a zoning board of appeals, a circuit court's review is limited to whether the decision is authorized by law and supported by competent, material, and substantial evidence on the whole record." *Pegasus Wind LLC v Tuscola Co*, 513 Mich 35, 44; 15 NW3d 108 (2024) (quotation marks and citation omitted). "Substantial evidence" is "evidence that a reasonable person would accept as sufficient to support a conclusion." *Id*. (quotation marks and citation omitted). This "requires more than a scintilla of evidence," but "may be substantially less than a preponderance." *Id*. (quotation marks and citation omitted). "The factual findings of a zoning board of appeals are entitled to deference." *Id*. "A court will not set aside findings merely because alternative findings also could have been supported by substantial evidence on the record." *Id*. (quotation marks and citation omitted).

On appeal, we must "assess whether the circuit court applied correct legal principles and whether it misapprehended or grossly misapplied the substantial evidence test to the zoning board of appeals' factual findings." *Id*. at 45 (quotation marks and brackets omitted). "Whether a circuit court misapprehended or grossly misapplied the substantial evidence test is subject to review under a standard identical with the clearly erroneous standard." *Id*. (quotation marks omitted). We must overturn a trial court's determination as "clearly erroneous" only if, "on the whole record," we are left with a "definite and firm conviction that a mistake has been made." *Id*. (quotation marks and citation omitted). As part of the circuit court's review, it may consider whether the ZBA decision was "based on proper procedure." MCL 125.3606(1)(b).

Whitewater Township Ordinance No. 26, which governs the division of land, provides the following standards for approving a land-division request:

A proposed land division shall be approved if the following criteria are met:

A.     All the parcels to be created by the proposed land division(s) fully comply with the applicable lot (parcel), yard and area requirements of the applicable zoning ordinance, including, but not limited to, minimum lot (parcel) frontage/width, minimum road frontage, minimum lot (parcel) area, minimum lot width to depth ratio, and maximum lot (parcel) coverage and minimum setbacks for existing buildings/structures.

B.     The proposed land division(s) comply with all requirements of the State Land Division Act and this Ordinance.

*   *   *

D.     The ratio of depth to width of any parcel created by the division does not exceed a four to one ratio exclusive of access roads, easements, or non-buildable parcels created under Section IX of this Ordinance and parcels added to contiguous parcels that result in all involved parcels complying with said ratio.

The Governing Body or other board or person designated by the Governing Body may approve a land division that creates a resulting parcel with a depth to width ratio greater than four to one if the applicant demonstrates that there are exceptional topographic or physical conditions with respect to the parcel and that the greater ratio would be reasonably compatible with the surrounding lands.  [Township of Whitewater Land Division Ordinance, No. 26, § VII.]

Additionally, Whitewater Township Ordinance No. 26 allows granting a variance in the following circumstances:

Where there are practical difficulties in the way of carrying out the strict letter of this Ordinance the Township Board, or its designee, shall have the power to vary or modify the application of the provisions of this Ordinance so that the intent and purpose of the Ordinance is observed, public safety secured and substantial justice done.  The Township Board, or its designee, may attach reasonable conditions in approving any variance from any provision.  The breach of any condition or the failure of any applicant to comply with conditions shall void the variance.

- In order for a variance to be granted, evidence must be presented at a public hearing that all of the following conditions exist:

- Exceptional or extraordinary circumstances exist such as exceptional topographical or physical conditions; or that the greater ratio would be reasonably compatible with the surrounding lands.

- Strict compliance with the regulations of this Ordinance will unreasonably prevent the applicant from developing the property or will render conformity with the regulations of this Ordinance unreasonably burdensome.

- The requested variance will not cause an adverse impact on the development of surrounding property, property values or the use and enjoyment of property in the immediate area.

- Health, safety and welfare will not be compromised.

- The requested variance is the minimum variance necessary to permit reasonable use of the land. [Township of Whitewater Land Division Ordinance, No. 26, § VIII.]

But a "parcel created in noncompliance with this Ordinance shall not be eligible for any building permits, or zoning approvals, such as special land use approval or site plan approval, and shall not be recognized as a separate parcel on the assessment roll." Township of Whitewater Land Division Ordinance, No. 26, § X.

Appellants argue that procedural deficiencies in the approval of the 2020 land division that created the subject parcel rendered the 2023 variance invalid, even though the 2020 land division had already been deemed invalid earlier in 2023. Specifically, appellants insist that the 2020 land division should not have been approved because it did not conform to the 4:1 depth-to-width ratio and because the applicant, i.e., Morrison Orchards, failed to establish that there were exceptional topographical or physical conditions on the parcel. Appellants contend that, because the approval of the 2020 land division was improper, the ZBA could not grant a variance to Baggs Partners in 2023. Appellants advanced that claim in their appeal to the circuit court, but the circuit court found it unpersuasive.

A review of the procedural history is beneficial to our analysis. In 2020, the ZBA approved a land division that created the subject parcel, which was owned by Morrison Orchards. Since the creation of the subject parcel in 2020, ownership of that parcel has changed hands multiple times, and Baggs Partners eventually became the owner in February 2022. Later in 2022, nearby property owners contested the validity of the 2020 land division. At a 2023 special meeting of the Township Board, the Board concluded that the subject parcel did not conform to the land-division ordinance. That decision rendered the subject parcel noncompliant with land-division approval requirements, and thus ineligible to receive building permits or zoning approvals. See Township of Whitewater Land Division Ordinance, No. 26, § X. In response, Baggs Partners submitted what was treated as both an appeal of the decision and a variance request. The ZBA subsequently granted a variance after holding a public hearing on August 24, 2023.

Because the 2020 land-division approval was deemed invalid, appellants' assertion that the procedural deficiency in the 2020 approval tainted the 2023 variance award is unpersuasive. We cannot see how an alleged procedural deficiency in the 2020 land-division approval process could have any impact on the 2023 variance request, given the fact that the 2020 land-division approval had been deemed invalid by the time of the 2023 variance request.

Appellants also assert that a variance can only be granted *before* the approval of a division of land, so it was not proper for the ZBA to grant a variance in 2023 when the subject parcel was created in 2020. This argument relies on the language of Whitewater Ordinance No. 26, § IX(B), which decrees that "a proposed land division which does not fully comply with the applicable lot,

yard, accessibility and area requirements of the applicable zoning ordinance of this Ordinance may be approved in any of the following circumstances . . . the Zoning Board of Appeals has granted a variance from the lot, yard, ratio, frontage and/or area requirements with which the parcel failed to comply." Township of Whitewater Land Division Ordinance, No. 26 § IX(B). To be sure, that language contemplates a situation in which a variance is granted before a proposed land division. But that language does not state that a variance can *only* be granted before the land is divided, so it cannot perforce render the variance granted to Baggs Partners procedurally improper. Moreover, under appellants' interpretation of the land-division ordinance process, once an existing parcel is deemed to be noncompliant with the land-division approval requirement, it becomes impossible to bring the parcel into compliance when a variance can only be granted before the parcel had been created. Accordingly, the argument that a variance can only be granted before approval of the land division is meritless.

## B. THE ZBA'S DECISION TO GRANT A VARIANCE

Appellants insist the ZBA's decision to grant a variance was not supported by competent, material, and substantial evidence. They assert that Baggs Partners failed to satisfy any of the five elements necessary to justify the variance. See Township of Whitewater Land Division Ordinance, No. 26 § VIII. We conclude that the ZBA provided insufficient factual findings on those elements to permit us to meaningfully review the ZBA's decision to grant a variance. "Meaningful judicial review of whether there was competent, material, and substantial evidence on the record to support a zoning board decision requires 'a knowledge of the facts justifying the board's . . . decision.' " *Reenders v Parker*, 217 Mich App 373, 378; 551 NW2d 474 (1996) (citation omitted, alteration in original). The zoning board of appeals "must state the grounds upon which it justifies the granting of a variance." *Id*. (quotation marks and citation omitted). "It is insufficient for the zoning board to merely repeat the conclusory language of the zoning ordinance without specifying the factual findings underlying the determination that the requirements of the ordinance were satisfied in the case at hand." *Id*. (citation omitted).

Here, the ZBA provided no relevant factual findings regarding the five elements necessary to justify a variance. In the ZBA's written decision, the factual findings refer to the creation of the subject parcel, the ownership changes of the parcel, and a procedural history of the current dispute. The minutes from the meeting furnish nearly identical factual findings. The written decision then offers a cursory explanation addressing each of the five elements required to grant a variance. See Township of Whitewater Land Division Ordinance, No. 26, § VIII. For the first element, the ZBA wrote: "Agreement—yes Consensus." For the second element, the ZBA wrote: "[u]nreasonable because it keeps them from using the property." For the third element, the ZBA wrote: "No, yes, yes, yes." For the fourth element, the ZBA wrote: "No health safety welfare." And for the fifth element, the ZBA wrote: "[y]es Best use of land 6:1." None of those pronouncements of the ZBA offers any factual findings underlying its determination that the requirements of the ordinance were satisfied. See *Reenders*, 217 Mich App at 378. Instead, the ZBA merely repeated the conclusory language of the zoning ordinance. See *id*. In addition, the findings in the fact section of the ZBA's written order do not have any particular relevance to the elements prescribed to justify a variance. See Township of Whitewater Land Division Ordinance, No. 26 § VIII. The circuit court's findings and conclusions were similarly vague. The circuit court did not address each element individually, choosing instead to render overarching determinations that the ZBA's decision was supported by competent, material, and substantial evidence.

Because the ZBA gave no meaningful explanation for its decision, the circuit court grossly misapplied the substantial-evidence test to the ZBA's factual findings when it affirmed the ZBA's order. See *Pegasus Wind*, 513 Mich at 45. Thus, we vacate the decision of the ZBA and remand this matter to the ZBA to provide factual findings to support a determination that the requirements of the ordinance were satisfied.[2] See *Reenders*, 217 Mich App at 378.

Vacated and remanded to the ZBA for further consideration. We do not retain jurisdiction.

/s/ Christopher P. Yates
/s/ Adrienne N. Young
/s/ Randy J. Wallace

---

[2] Our decision to vacate and remand should not be construed as a determination that the ZBA ought not grant a variance. It simply reflects our view that the ZBA must provide more detailed findings to support its decision to grant a variance if it concludes that a variance is justified.